**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
1205 NW 25th Avenue
Portland, Oregon 97210
t: 503.922.2243
f: 844.714.6450

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JANE DOE, NCBE Applicant No. N10414477**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL CONFERENCE OF BAR EXAMINERS**, a not-for-profit Illinois corporation,<br><br>Defendant. | Case No. 6:18-cv-348<br><br>**COMPLAINT**<br>(ADA)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges the following:

**PARTIES**

1.

At all material times, Plaintiff Jane Doe, NCBE Applicant No. N10414477 ("Jane Doe"), was a resident and domiciliary of Lane County, State of Oregon.

2.

At all material times, Defendant National Conference of Board Examiners ("NCBE") was and is an Illinois not for profit entity headquartered in Madison, Wisconsin.

Page 1 – **COMPLAINT**

## JURISDICTION

3.

Federal Court jurisdiction exists pursuant to 42 USC §§ 12181 et seq. Supplemental jurisdiction arises under 28 USC § 1367 for common law and State of Oregon claims.

## VENUE

4.

Venue is proper in the U.S. District Court of Oregon, Eugene Division because all acts alleged herein occurred in Lane County, State of Oregon.

## STATEMENT OF THE CASE

5.

Jane Doe graduated from college in 2011, and is a current third-year law student at the University of Oregon Law School. Prior to enrolling in law school, Jane Doe became aware of her learning disabilities by teaching learning disabled students. Recognizing her own disabilities in others lead to her undergoing an educational evaluation which confirmed her specific learning disabilities.

6.

In 2015, Jane Doe was diagnosed with a Specific Learning Disability by a licensed psychologist according to DSM-V criteria: 315.00 Learning Disorder, with impairment in reading (decoding, fluency); 315.2 Learning Disorder, with impairment in written expression (spelling); 315.1 Learning Disorder, with impairment in mathematics (fluency, computation). These disabilities effect Jane Doe's decoding, reading comprehension, spelling, and fluency across the academic areas of reading and writing. Jane Doe's Reading Fluency is a grade equivalent of 8.9; her Word Attack is a grade equivalent of 7.6; and her Passage Comprehension

is a grade equivalent of 12.6 per the Woodcock Johnson Psycho-Educational Tests of Achievement – Third Edition, all administered in September 2015. Jane Doe's particular scoring profile and unique learning style is found in less than 1% of the population.

7.

The law school, received Jane Doe's evaluation and diagnosis; then recognized, accepted, and implemented the following accommodations: Reduced distraction testing environment and 25% additional time for exams. To fulfill these accommodations, the law school provided a private testing room and the extra exam time, which after a several weeks of school was increased to 50% additional time. These accommodations remain in effect for Jane Doe while she works toward completion of her law school studies and exams.

8.

The NCBE developed, administers, and scores the Multistate Professional Responsibility Examination ("MPRE"). The MPRE is a two-hour, 60-question multiple-choice examination covering established standards related to a lawyer's professional conduct. The MPRE is required for admission to most states' bars, including admission to the State Bar of Oregon.

9.

On January 24, 2018 Jane Doe signed up and paid NCBE to take the MPRE on March 24, 2018. On February 1, 2018 Jane Doe signed and then submitted her request on February 4, 2018 for testing accommodations with all of NCBE's required documentation, which included NBCE's Applicant Request Form, Medical Documentation, Proof of Past Accommodations, Standardized Test Score Reports, and a Personal Narrative.

10.

Page 3 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon 97210
503.922.2243

On February 13, 2018 the NCBE notified Jane Doe that not only had it denied her requested accommodations, but also that the deadline to appeal NCBE's denial had passed. The NCBE intentionally delayed its denial to Jane Doe to also deprive her of any appeal process under its own published rules.

11.

The NCBE's denial of reasonable accommodations to Jane Doe violates her rights under the ADA (42 USC § 12189) and threatens her with irreparable harm to her career, professional development, and to her right to take the MPRE without being subjected to unlawful discrimination and the stigma and humiliation that result from such discrimination. Without injunctive relief from the Court, Jane Doe could only take the MPRE at a competitive disadvantage to her peers that would unlawfully burden her attempt to obtain her license to practice law. Jane Doe has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**

(ADA)

12.

Jane Doe realleges and incorporates by reference paragraphs 1 through 11 above.

13.

Jane Doe is a qualified individual with a disability[1] who is eligible to receive accommodations for taking a professional licensing examination as an individual with a disability (reading and learning) which are major life activities.[2]

---

[1] The term "disability" includes, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 USC §12102(1).

[2] Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking,

14.

NCBE was aware that Jane Doe is a qualified individual with a disability, but unilaterally decided that her disability did not substantially limit her ability to perform a major life activity as compared to most people.

15.

The ADA prohibits discrimination by private entities, including those that offer professional licensing examinations, such as NCBE.

16.

The ADA requires private entities that offer standardized examinations "related to ... applications, licensing, certification, or credentialing for ... postsecondary education [or] professional ... purposes" to do so in a "place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 USC § 12189; 28 CFR § 36.309(a). NCBE is such an entity and the MPRE is such an examination.

17.

The regulation implementing this section of the ADA provides, inter alia, that a private entity that offers such examinations "must assure that ... [t]he examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills ...." 28 CFR § 36.309(b)(l)(i).

18.

―――――――――――――――― (Cont.)
breathing, learning, reading, concentrating, thinking, communicating, and working. 42 USC §12102(2)(A).

Page 5 – **COMPLAINT**

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon 97210
503.922.2243

The ADA regulations covering examinations such as the MPRE require "adaptation of the manner in which the examination is given." 28 CFR § 36.309(b)(2). The entity offering the examination must, among other things, "provide appropriate auxiliary aids" unless the entity "can demonstrate that offering a particular auxiliary aid would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden." 28 CFR § 36.309(b)(3).

19.

Unless Jane Doe takes the MPRE with her requested reasonable accommodations, her results will not accurately reflect what the examination purports to measure, but will instead test whether or not she can successfully overcome her learning disabilities.

20.

Defendants' conduct constitutes an ongoing and continuous violation of the ADA and its supporting regulations. Unless restrained from doing so, NCBE will continue to violate the ADA. Unless enjoined, Defendant's conduct will continue to inflict injuries for which Jane Doe has no adequate remedy at law.

21.

Unless the requested relief is granted, Jane Doe will suffer irreparable harm in that she will be discriminated against and denied equal access to the MPRE, and be unlawfully denied or burdened in seeking admission to the legal profession.

22.

The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities, as well as reasonable attorney fees and costs. 42 USC § 12188(a).

WHEREFORE, Jane Doe, NCBE Applicant No. N10414477, prays for the following relief:

1. A declaratory judgment that states Jane Doe is entitled to take the MPRE in a private room with 50% more time, and that Defendant, by denying these accommodations, is discriminating against Jane Doe as a person with a disability;

2. Preliminary and final injunctive relief requiring Defendant to provide Jane Doe the opportunity to take the March 24, 2018 administration of the MPRE in a private room with 50% more time, as she has requested and to which she is entitled;

3. An award of Plaintiffs reasonable attorneys' fees and costs; and

4. Such other and further relief as the Court deems just and proper.

DATED this 27th day of February, 2018.

        THE BRAGUE LAW FIRM

        By /s/ Kevin C. Brague
           Kevin C. Brague, OSB No. 050428
           kevin@braguelawfirm.com
           1205 NW 25th Avenue
           Portland, Oregon 97210
           t: 503.922.2243
           f: 844.714.6450
           Attorney for _____