IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANE DOE as NCBE Applicant No.
N10414477, an individual,

       Plaintiff,

v.

NATIONAL CONFERENCE OF BAR
EXAMINERS, a not-for-profit Illinois
corporation,

       Defendant.

Civ. No. 6:18-cv-00348-JR

ORDER

**MCSHANE, Judge**:

Plaintiff Jane Doe moves for a temporary restraining order (TRO) against the National Conference of Bar Examiners (NCBE) allowing Jane Doe access to NCBE's Multistate Professional Responsibility Exam (MPRE) on March 24, 2018 with reasonable accommodations. The requested accommodations include the use of a private room and additional time for taking the test. ECF No. 3, 10.

The relief sought in the TRO mirrors the relief Jane Doe sought in the underlying complaint, filed on February 27, 2018. In response, On March 6, 2018, the NCBE granted Jane

1 – OPINION AND ORDER

Doe all of her requested accommodations. *See* Brague Decl. ECF No. 11. Later that day, Jane Doe moved for entry of a TRO. ECF No. 10.

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

In her memorandum in support of her motion for a TRO, Jane Doe argued that she "will suffer irreparable harm if not granted the requested relief by the lost opportunity to engage in normal life activity vis-à-vis pursuing her chosen profession; professional stigma; and financial injury." ECF No. 3, 13. Jane Doe's irreparable harm argument is based on her being denied accommodations, resulting in her failure to pass the test and having to retake it again on August 11, 2018. The August MPRE would interfere with training and subsequent start date of her federal clerkship. *Id.* Ultimately, failing the MPRE (because the NCBE did not provide reasonable accommodations) could result in Jane Doe not being admitted to practice law. *Id.*

Having now received the requested accommodations, there is no longer the threat of any irreparable harm. A TRO in this instance would only order the NCBE to do something it already agreed to do. Therefore, Jane Doe's motion for a TRO is DENIED.

The court further orders the parties to confer as to how they wish to proceed with regard to the viability of the underlying complaint, whether a stipulated dismissal is forthcoming, and whether fees and costs (if available) are to be argued to the court. The court takes no position on these matters at this time.

The parties shall file a status report within 21 days from the date of this order.

IT IS SO ORDERED.

DATED this 13th day of March, 2018.

                                                    _____/s/ Michael McShane_____
                                                        **Michael J. McShane**
                                              **United States District Judge**